

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2002

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Brown" (2002). *2002 Decisions.* Paper 426.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/426

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2342


UNITED STATES OF AMERICA

v.

H. KAREN BROWN a/k/a HYACIENT BROWN,

Hyacient Brown,

Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim. No. 99-cr-00066)
District Judge:   Honorable Joseph J. Farnan, Jr.
_____


Submitted Under Third Circuit L.A.R. 34.1(a)
July 16, 2002
Before:   McKEE, WEIS, and DUH₁* Circuit Judges.

(Filed: July 23, 2002)


OPINION


* The Honorable John M. Duh , Jr., United States Senior Circuit Judge,
United States Court of Appeals for the Fifth Circuit, sitting by designation.


WEIS, Circuit Judge.

In October 2000, a jury convicted defendant of one count of conspiracy to import cocaine and one count of conspiracy to import hashish.  The District Court sentenced her to 151 months imprisonment and three years of supervised release.  The sole challenge raised in this appeal is to the trial judge's refusal to appoint new counsel to represent defendant during her sentencing proceeding.

Although sentencing was to have taken place in February, the district judge granted a continuance, rescheduling the proceeding for May 16, 2001.  In a letter to the Court dated May 11 of that year, defendant requested that an attorney from the public defender's office be appointed to represent her at sentencing, rather than her retained counsel.  She complained that she had no money to pay the fee requested by her private attorney, nor the funds necessary to obtain a psychiatrist to testify in support of her effort to reduce her sentence under a theory of diminished capacity.

At the sentencing hearing, the District Court invited defendant to explain her dissatisfaction with her attorney's representation.  She testified that counsel had not visited her in prison to discuss her sentence and that he did not adequately advise her before her trial began that pleading guilty would result in a lower sentence.  She also complained that he had asked for additional fees in response to her request to hire a psychiatrist in support of her diminished capacity argument.

Counsel responded that he had visited defendant and, at her request, had consulted a psychiatrist and advised defendant that the fees for that expert's testimony would be approximately $7,000. Although defendant had previously stated that her ex-husband would provide the money, apparently that assurance proved not to be correct.

Defendant also complained that her counsel refused to attend her post-trial meetings with the prosecutor, during which she disclosed information in hopes of securing a sentence reduction. Although nothing defendant told the prosecution during these "proffer" sessions had been of assistance, the United States Attorney advised the judge that he would be willing to meet with the defendant post-sentencing to discuss her further cooperation.

After an extended hearing, the district judge found that defendant would not be unduly prejudiced by the continued representation of her retained attorney and had not established good cause to substitute another lawyer at that point.

Turning to the matter of sentencing, the defendant and her counsel contended that the pre-sentence report mistakenly included a past arrest. The Court withdrew that item from the sentence calculation, thereby reducing the range to 121 to 151 months. The judge remarked that defendant was involved at a high-ranking level of drug distribution, recruiting people at the low end of society to work for her at great risk to them. He continued, "I'm going to take you out of society for as long as I can," and, accordingly, sentenced her to 151 months imprisonment.

After sentencing, the Court appointed the federal public defender to represent defendant on this appeal. She now contends that the District Court erred as a matter of law in refusing a continuance and appointment of new counsel, or, in the alternative, abused its discretion in the circumstances.

Defendant argues that the District Court improperly relied on United States v. Welty, 674 F.2d 185 (3d Cir. 1982), rather than United States v. Goldberg, 67 F.3d 1092 (3d Cir. 1995). We find no merit to this argument; the two cases are entirely consistent in their approach. Indeed, Goldberg affirmed the continued vitality of the Welty holding, but cautioned courts to be mindful of the countervailing government interests involved where a defendant files a last-minute motion to substitute counsel.

Both Goldberg and Welty recognize the duty of the trial judge to inquire as to the reason for the defendant's dissatisfaction with counsel and determine whether good cause exists for granting a continuance and substituting another lawyer. Good cause, according to these cases, would include a conflict of interest, a complete breakdown in communication, or a defendant's irreconcilable conflict with his attorney. Goldberg, 67 F.3d at 1098; Welty, 674 F.2d at 188.

In the case before us, the district judge allowed both defendant and counsel to explain why the dispute had arisen. After hearing considerable testimony from both, he found no conflict of interest, nor any breakdown in counsel's performance or communication that was unduly prejudicing defendant. He concluded, therefore, that defendant had not satisfied Welty's good cause standard. We review that determination for clear error, Goldberg, 67 F.3d at 1098, and find none.

Defendant's complaints about her trial attorney's conduct were not particularly relevant to the sentencing hearing. Indeed, counsel successfully argued during that proceeding that part of the pre-sentence report was erroneous, and the District Court reduced her sentencing range accordingly,

It appears that the request for the appointment of a public defender was substantially motivated by defendant's unexpected inability to pay for a psychiatrist to testify that she should be granted a downward departure based on diminished capacity, pursuant to section 5K2.13 of the Sentencing Guidelines.

That provision allows district courts, in their discretion, to make a downward departure from the applicable guideline range if the defendant committed the crime "while suffering from a significantly reduced mental capacity." U.S.S.G. 5K2.13. This discretion is not available, however, if the reduced mental capacity was caused by defendant's voluntary use of drugs, if the offense involved actual violence or a serious threat of violence, or if the defendant's criminal history indicated a need for incarceration in order to protect the public. Id. Moreover, a court need not hear expert testimony to establish diminished mental capacity where either the second or third element negating the court's discretion is present. United States v. Cravens, 275 F.3d

637, 640-41 (7th Cir. 2001).

Although not formally presented with a section 5K2.13 motion for downward departure, the Court was aware of the defendant's history of mental health difficulties. The pre-sentence report noted that she had been admitted to Crozier Mental Center in Chester, Pennsylvania, in 1987 and 1990 following bouts of depression and attempted suicide. Antidepressant medications were prescribed and defendant had not undergone mental health treatment since 1991.

Indeed, defendant had apparently been well enough to carry on two jobs during the 1990s. In addition to graduating from cosmetology school in 1990 and carrying on a hair styling business, she also obtained work through a temporary employment agency.

It was the defendant's "serious involvement" in a "pretty sophisticated" criminal operation, and her recruitment of "the very edge of the low end of society" to work for her, that persuaded the district judge to remove defendant from society for as long as possible. Noting that "what you were importing into this country is what kills kids every single day," the Court was obviously motivated by a desire to protect the public. We are satisfied that even if defendant had formally moved for a section 5K2.13 downward departure, the motion would have been denied.

Finding no legal error or abuse of discretion, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.


/s/ Joseph F. Weis
United States Circuit Judge
July 22, 2002


TO:        Marcia Waldron, Clerk
U.S. Court of Appeals

FROM:      Judge Weis

RE:        USA v. H. Karen Brown, No. 01-2342


Dear Ms. Waldron:

Please file the attached Not Precedential Opinion in the above case, together with the Judgment. The signed originals are being mailed to you this date. Thank you.

Sincerely,



Joseph F. Weis, Jr.
United States Circuit Judge



cc:        Judge McKee
Judge Duh
Pacrats